Jᴏʜɴ H. Lɪᴛᴛʟᴇ, Appellant, v Bʟᴜᴇ Cʀᴏss ᴏf Wᴇsᴛᴇʀɴ Nᴇᴡ Yᴏʀᴋ, Iɴᴄ., et al., Respondents.

Fourth Department, January 24, 1980

**APPEARANCES OF COUNSEL**

*Little & Burt (Benjamin R. Idziak* of counsel), for appellant.

*Falk, Seimer, Glick, Tuppen & Maloney (Richard Marcus* of counsel), for respondents.

### OPINION OF THE COURT

WITMER, J.

■ On this appeal we construe a major medical expense rider issued jointly by Blue Cross of Western New York, Inc. and Blue Shield of Western New York, Inc., defendants herein, to plaintiff on their insurance policies to him in 1975. We hold that Special Term erred in denying plaintiff's motion for summary judgment in his action for reimbursement for the expense that he incurred in the sum of $23,687 for private duty registered nursing services which he employed at his doctor's direction while he was in the hospital and later at home recovering from a heart attack.

Plaintiff, a lawyer 77 years old in March, 1979, had suffered from arthritis for years. In 1970 he had operations on both thighs and mechanical hips were implanted. For 10 years he has walked only with the aid of canes.

In 1975 he purchased Blue Cross and Blue Shield insurance policies from defendants and for an additional premium bought a major medical expense rider thereto. In 1978 he suffered a heart attack and entered Buffalo General Hospital on October 23 where he was treated until December 21. Because of plaintiff's arthritic and hip conditions his doctor determined that he needed more constant nursing attention than the hospital would furnish for the usual heart patient, and he directed that plaintiff employ private duty registered nurses to assist him in his convalescence in the hospital, and plaintiff did so.

The doctor states that because of the services of such private nurses, plaintiff progressed in the hospital more rapidly than he otherwise would have and that by reason thereof, on condition that plaintiff would continue to employ such private duty nurses 24 hours per day at home, the doctor authorized plaintiff to leave the hospital on December 21 and return home, which plaintiff did. There, plaintiff continued to improve, and on February 23, 1979 the private nurse for the night shift was discontinued; on March 30, 1979 the private nurse for the morning shift was discontinued; and on April 14, 1979 the remaining private nurse was discontinued.

In March and April, 1979 plaintiff sent to defendants itemizations of his expenses for these nurses in the hospital and at

home and requested reimbursement therefor under his insurance policies with them. By letter of June 5, 1979 defendants rejected the claim on the ground that "skilled nursing in addition to that normally provided by the hospital was not required, and there was no medical evidence to support the continuing services of a skilled nurse at home."

In this action plaintiff contends that under the terms of the insurance policies and the rider thereto he is entitled to reimbursement. Defendants admit many allegations of the complaint but deny on information and belief plaintiff's need of private duty registered nurses and deny knowledge of the extent that such services were performed. Plaintiff thereupon moved for summary judgment and submitted in support thereof affidavits by his doctor, by his nurses in the hospital and at home while convalescing, by plaintiff and his secretary, and by his attorney. Defendants responded with affidavits by a registered nurse as an expert concerning nursing services for a heart patient in a hospital and at home, by a doctor as an expert who had reviewed plaintiff's hospital record and the affidavits for plaintiff on this motion, and by defendants' attorney who cited the terms of the Education Law and hospital code of New York (10 NYCRR Part 405) with respect to services rendered by registered professional nurses and licensed practical nurses, all concluding that plaintiff did not need the services of the registered nurses whom he employed. Based thereon, defendants contended that questions of fact exist as to plaintiff's need of such skilled services and also as to the adequacy of the certification by plaintiff's doctor that plaintiff needed such services.

Special Term denied the motion and held that defendants have the right under their policies to question the necessity of the skilled nursing services employed by plaintiff and that factual issues exist as to "the necessity and delivery of skilled nursing services for plaintiff".

Plaintiff relies on subdivision (a) of paragraph 1 of article VI of the major medical expense rider which provides that subject to provisions not pertinent here an insured shall be entitled to, "Services of a Private Duty Registered Professional Nurse or Private Duty Licensed Practical Nurse while confined as a registered bed patient in a Hospital or following discharge from a Hospital as a registered bed patient, when skilled nursing care on a continuing basis is required and a Doctor has certified such requirement has been met."

Plaintiff argues that defendants have not reserved to themselves in the policy the right to review the certification by an insured's doctor as to the need of such nursing care. Plaintiff fortifies this argument by pointing to article III of the rider with respect to the placement of an insured into an extended care facility. Therein defendants have expressly provided that: "Benefits * * * shall be provided only in such instances as Blue Cross shall determine required skilled nursing care on a continuing basis and a physician has certified such requirement has been met. It shall be provided only on prior referral of the Member's attending physician and only for as long as the patient remains under the active care of an attending physician." In the latter instance defendants made it clear that such care would not be provided at their expense unless "Blue Cross shall determine" that it is required "and a physician has certified such requirement has been met."

It is elemental that the terms of a contract as a whole shall be examined in determining the intent of the parties *(Eighth Ave. Coach Corp. v City of New York,* 286 NY 84, 88-89; 29 NY Jur, Insurance, § 602), and that where the meaning of a policy of insurance is in doubt or is subject to more than one reasonable interpretation, all ambiguity must be resolved in favor of the policyholder and against the company which issued the policy *(Miller v Continental Ins. Co.,* 40 NY2d 675, 678-679; *Hartol Prods. Corp. v Prudential Ins. Co. of Amer.,* 290 NY 44, 49; *American Home Assur. Co. v Port Auth. of N. Y. & N. J.,* 66 AD2d 269, 276; 7 Williston, Contracts [3d ed], § 918A, p 546 *et seq.).*

Defendants' interpretation of subdivision (a) of paragraph 1 of article VI of the rider, above quoted, is that before an insured may have the benefit thereof a doctor must certify that he needs the services of such private professional nurses and that even after issuance of such certification the insured may not be reimbursed for his expenses in employing such nurses until he has established to the satisfaction of the company, or at least of a court, that such services were required.

Such interpretation of the paragraph would render it impossible for an insured to know whether the policy gave him the right to such services upon certification of need by his doctor, unless he were to follow the provision in paragraph 1 of article III, above quoted, which implies that the insured should obtain the permission of the company to employ such

nurses before doing so. But subdivision (a) of paragraph 1 of article VI contains no such precondition; and the reasonable expectation of an insured from his reading of the policy must control *(Tonkin v California Ins. Co. of San Francisco,* 294 NY 326, 329).

The policy must be construed against the defendants who drafted it, and plaintiff was entitled to rely on the practical construction and the apparent meaning of subparagraph (a) of this article VI, especially when read in light of the contrasting paragraph in article III *(McGrail v Equitable Life Assur. Soc. of U. S.,* 292 NY 419, 424-425).

Plaintiff has supplied to defendants the required certification by his doctor and has supplemented his claim by affidavits by nurses who cared for him, and he has submitted detailed itemizations of his expenses. Although defendants have responded with affidavits to the effect that plaintiff's hospital record and affidavits show that he did not need the extra services of these registered nurses, defendants have not asserted that the doctor's certificate was fraudulent or made in bad faith or that the services were not furnished, nor have they alleged that they have not had an opportunity to investigate the claim and have pretrial discovery proceedings concerning its veracity.

■ In opposing a motion for summary judgment, a defendant must lay bare his proof and show that a genuine question of fact exists *(Koppers Co. v Empire Bituminous Prods.,* 35 AD2d 906, affd 30 NY2d 609). Defendants have not done this.

■ We conclude that under the rider, subdivision (a) of paragraph 1 of article VI, defendants are bound by the good faith certification by the insured's doctor of the insured's need of such nursing services. Absent some showing by defendants that those services were not rendered or that the charges therefor were not reasonable, plaintiff is entitled under the policy to reimbursement for his expenses in employing the nurses.

Accordingly, the order of Special Term should be reversed and plaintiff's motion for summary judgment should be granted.

SIMONS, J. P., SCHNEPP, CALLAHAN and DOERR, JJ., concur.

Order unanimously reversed, with costs and motion granted.