■ GEORGE B. WHITE, Appellant-Respondent, v MASSACHUSETTS CASUALTY INSURANCE COMPANY, Respondent-Appellant. — Order unanimously modified and, as modified, affirmed, with costs to plaintiff, in accordance with the following memorandum: In 1972 plaintiff purchased a disability income policy of insurance from defendant covering any sickness first manifesting itself during the term of the policy. In 1981 plaintiff lost most of his eyesight and was diagnosed as having retinitis pigmentosa. Plaintiff applied for disability benefits, which defendant denied because plaintiff's illness had "manifested" itself prior to the effective date of the policy and hence was not a covered illness. The issue before us is whether defendant's claim of noncoverage is barred by the incontestability provision of the insurance policy which, as required by statute, provides that after two years no claim shall be denied on the ground that a disease not excluded from coverage by name or specific description had existed prior to the effective date of coverage (Insurance Law, § 164, subd 3, par [A], cl [2]). Defendant argues that the incontestability clause is not applicable because defendant does not seek to deny coverage because the illness "existed" before the policy, but because the illness "manifested" itself before, and not during, the policy period and, therefore, could not be a covered illness. Although defendant's contention has been accepted in other jurisdictions (see *Massachusetts Cas. Ins. Co. v Forman,* 516 F2d 425; *Keaten v Paul Revere Life Ins. Co.,* 648 F2d 299; *Allen v Aetna Life Ins. Co.,* 563 F2d 1240) and has been approved in dicta in New York (*Mutual Life Ins. Co. of N. Y. v Hayden,* 87 Misc 2d 1039, 1044, affd on opn below 60 AD2d 823), we reject it in favor of the contrary view stated in *Fischer v Massachusetts Cas. Ins. Co.* (458 F Supp 939 [SDNY]). Defendant's position (i.e., that it is not seeking to invalidate the policy because of a pre-existing condition but merely denying coverage because the illness manifested itself before the policy period) makes the incontestability clause a meaningless term that can have no useful purpose because pre-existing illnesses were never excluded from coverage in the first place. As defendant reads the policy, the sole purpose of the incontestability clause is to prevent the defendant from doing something it was already prevented from doing by the terms of the policy. It is an established rule that a "construction of a contract which will render a clause absolutely meaningless should be avoided" (22 NY Jur 2d, Contracts, § 221, p 67). The Legislature could not have intended to require the insurer to insert a meaningless provision. We conclude, therefore, that the only reasonable construction of the mandated provision is that a disclaimer based on previous manifestation is perforce also based on previous existence and, as such, not permitted by the incontestability clause. The legislative intent behind this clause is to safeguard an insured from excessive litigation many years after a policy has

already been in force and to assure him security in financial planning for his family, while providing an insurer a reasonable opportunity to investigate (*Simpson v Phoenix Mut. Life Ins. Co.,* 24 NY2d 262, 266). The statutory scheme gives the insurer two years to conduct an investigation of facts relevant to determining its risks; having failed to investigate, the insurer cannot be heard to complain now (*Simpson v Phoenix Mut. Life Ins. Co., supra,* p 269). After two years the insurer may not litigate what illnesses are or are not covered by the policy, because the purpose of the incontestability provision is to put an end to such litigation. Moreover, the construction urged by defendant renders the contract ambiguous and "where the meaning of a policy of insurance is in doubt or is subject to more than one reasonable interpretation, all ambiguity must be resolved in favor of the policyholder and against the company which issued the policy" (*Little v Blue Cross of Western N. Y.,* 72 AD2d 200, 203, citing *Miller v Continental Ins. Co.,* 40 NY2d 675, 678-679). The insurance contract must be read through the eyes of the average man on the street (*Prince v ITT Life Ins. Corp.,* 89 AD2d 779), and if an exclusion of liability is intended " ' "it is the insurer's responsibility to make such intention clearly known" ' " (*Miller v Continental Ins. Co., supra,* p 678). In sum, the defense asserted is statutorily and contractually proscribed. Since no other defenses are raised, plaintiff is entitled to summary judgment. We remit the matter for the proper determination of damages (CPLR 3212, subd [c]). (Appeals from order of Supreme Court, Yates County, Dugan, J. — summary judgment.) Present — Hancock, Jr., J. P., Doerr, Denman, Green and Moule, JJ.