*671 OPINION OF THE COURT
Memorandum.
Judgment unanimously reversed, without costs, and claim dismissed.
Plaintiff instituted this action for reimbursement for the cost of a manual wheelchair that he purchased for his wife on November 25, 1985 at a cost of $532. Plaintiff’s wife suffers from multiple sclerosis and needs a wheelchair to be ambulatory. Plaintiff submitted a claim to defendant, his major medical provider, for a motorized wheelchair. That claim was approved and the benefits paid. Thereafter, plaintiff submitted a paid bill in the amount of $532 for a manual (nonmotorized) wheelchair. Said claim was supported by a letter from plaintiff’s wife’s physician indicating that in view of plaintiff’s and his wife’s orthodox beliefs the motorized wheelchair cannot be used on the Sabbath and other religious holidays and that it was therefore medically necessary to provide plaintiff’s wife with a manual wheelchair to be used on these occasions. Said claim was also supported by a letter from plaintiff’s rabbi. Defendant rejected plaintiff’s claim as not being medically necessary and the instant lawsuit ensued.
Plaintiff and her family’s health insurance are provided under the New York State Government Health Insurance Plan. Their major medical expenses under said plan are provided through defendant. The plan specifically states that coverage is provided for those medical expenses that are "medically necessary in terms of generally accepted medical standards as provided by Metropolitan.” The plan excludes "services or supplies which are not medically necessary in terms of generally accepted standards as determined by Metropolitan.” In the case at bar there can be no doubt that plaintiff established a need for a wheelchair for his spouse. However, it is also apparent that defendant, by providing coverage for a motorized wheelchair, satisfied plaintiff’s wife’s medical necessity. As a result, the need for the manual wheelchair became solely a religious one, which is not covered under the plan.
Moreover, contrary to the conclusion reached by the court below, the relevant sections of the insurance plan are clear and unambiguous and incapable of any construction which would sustain plaintiff’s claim.
DiPaola, P. J., Stark and Collins, JJ., concur.