■ DONALD PENOYER, Individually and as Guardian ad Litem of LAVERNE PENOYER, et al., Appellants, v GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Respondent.—Order

unanimously reversed on the law with costs and motion granted. Memorandum: Plaintiff Laverne Penoyer suffers from serious brain impairment as a result of contracting viral herpes simplex encephalitis, a central nervous system infection. Her physician determined that she should reside in a residential setting with 24-hour-per-day skilled nursing care. Her psychiatrist issued a treatment plan identical to that of her physician.

Plaintiff is covered by a major medical expense policy issued by defendant which defines covered charges as: "those charges necessary for the treatment of a sickness or injury actually made to you or your dependents on account of such accident or sickness. The charges must be reasonable and commensurate with the prices generally charged and the services and supplies generally furnished in the area concerned. They must be incurred upon the order of a physician and must be charges of the kind set forth and to the extent specified below * * * [d] * * * private duty nursing care rendered by a nurse in or out of the hospital." After initially covering the cost of plaintiff's 24-hour-per-day skilled nursing care under its major medical expense policy, defendant refused coverage for these services rendered to plaintiff after June 27, 1989, on the ground that her circumstances did not require skilled nursing care.

Plaintiff commenced this breach of contract action, then moved for summary judgment arguing that defendant is required to pay for skilled nursing care as a matter of law. The court denied the motion, finding that there existed a question of fact whether the charges incurred were reasonably and objectively necessary. This was error.

We find the facts of this case indistinguishable from those in *Little v Blue Cross* (72 AD2d 200). In *Little,* the policy provided coverage for private-duty nursing care when it was "required" and ordered by a physician. We rejected the insurer's argument that this policy language gave the company the right to make an independent determination of whether the nursing care was required, holding that "[s]uch interpretation of the paragraph would render it impossible for an insured to know whether the policy gave him the right to such services upon certification of need by his doctor" unless he sought prior approval from the insurer; however, the policy contained no such precondition *(Little v Blue Cross, supra,* at 203). We further held that the insurer was "bound by the good faith certification by the insured's doctor of the insured's need of such nursing services" *(Little v Blue Cross, supra,* at 204).

Here, the policy contains no such precondition and we hold that defendant is likewise bound. (Appeal from order of Supreme Court, Oswego County, Hurlbutt, J.—summary judgment.) Present—Callahan, J. P., Doerr, Boomer, Green and Balio, JJ.