■ GREGORY A. WAIT et al., Respondents, v METROPOLITAN LIFE INSURANCE COMPANY, INC., Appellant.—Kane, J. P. Appeal from an amended order of the County Court of Washington County (Hemmett, Jr., J.), entered March 14, 1990, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiffs Gregory A. Wait and Kim Klopstock-Wait are enrollees of the Empire Plan, a medical insurance policy issued by defendant pursuant to a contract with the State. The policy specifically provides that, to be covered under the Empire Plan, medical expenses must be "Medically Necessary

in terms of generally accepted medical standards as determined by [defendant]". Beginning in June 1986, plaintiffs received massage therapy as prescribed by their physician, Dr. John Cetner, and for which they submitted claims to defendant for payment in accordance with the terms of the contract. Although the Empire Plan did not expressly provide coverage for massage therapy, defendant paid claims therefor to plaintiffs through December 1986. Plaintiffs continued to submit claims after which defendant began questioning Cetner regarding the nature of plaintiffs' conditions and his reasons for prescribing massage therapy. Cetner replied that Kim Klopstock-Wait had called him and "requested a prescription to have massage for chronic back discomfort that I thought was muscular in origin and possibl[y] related to lifting her children". Cetner went on to explain that "[t]he treatment is theraputic [sic] and is really a form of physical therapy that is medically necessary". Although he stated that he originally had not seen Gregory Wait as a patient since April 1986, Cetner later admitted that he did write a prescription for massage therapy for him but that "further therapy [should] be suspended until his re-evaluation to determine if further treatment is necessary". Defendant also sent plaintiffs a questionnaire inquiring about their massage therapy which went unanswered for several weeks.

Defendant eventually informed plaintiffs in June 1987 that no further action on their claims would be taken until they responded to the questionnaire. Defendant then referred plaintiffs' claim file to its own medical action center to determine if plaintiffs' massage therapy was "medically necessary". A reply from Dr. Mark Smith, Jr. stated that Cetner had failed to supply any diagnosis of plaintiffs' condition. Smith also stated that "I know of no low back condition whose clinical course would be altered by massage therapy". By letter dated July 29, 1987, plaintiffs' attorney eventually returned the questionnaire to defendant along with a request that defendant cover all unpaid claims for massage therapy. Defendant again referred the claims to its medical action center which apparently reviewed them in consultation with an independent physician from the Institute for Chronic Diseases. The record contains a September 1, 1987 letter from Dr. Robert Katz, associate medical director of defendant's medical underwriting and claims department. Katz stated also that plaintiffs' claims lacked specific diagnosis and that "[o]ur consultant could see no medical basis for continued ministration [of massage therapy]".

Defendant informed plaintiffs by letter dated September 2, 1987 that massage therapy did not qualify as a covered medical expense because, *inter alia,* "there is no medical necessity for the treatment". Plaintiffs then commenced this lawsuit to recover payments made for massage therapy. Defendant answered and moved for summary judgment, which was denied by County Court "on the ground that it can not be said without doubt that there is an absence of triable issues". This appeal by defendant followed.

There should be a reversal. To be entitled to summary judgment on its motion, defendant bore the burden of establishing a defense "sufficiently to warrant a court's directing judgment in its favor as a matter of law" *(Frank Corp. v Federal Ins. Co.,* 70 NY2d 966, 967; *see, Zuckerman v City of New York,* 49 NY2d 557, 562). To this end, defendant submitted, *inter alia,* a copy of the applicable Empire Plan provisions which expressly exclude coverage for medical expenses that defendant determines are not "medically necessary". Defendant also submitted the affidavit of Brian Flanagan, an account consultant for the group health claims unit that supervised the Empire Plan. Flanagan gave a detailed recitation of defendant's review of plaintiffs' claims including its medical staff determination that plaintiffs' massage therapy was not medically necessary. In our view, the relevant terms of the Empire Plan are clear and unambiguous *(see, Wachtel v Metropolitan Life Ins. Co.,* 146 Misc 2d 670, 671) and Flanagan's affidavit sufficiently sets forth facts by a person having knowledge thereof to entitle defendant to summary judgment in the first instance *(see, Zuckerman v City of New York,* 49 NY2d 557, 562, *supra; Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068). Therefore, the burden shifted to plaintiffs to "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact" *(Frank Corp. v Federal Ins. Co.,* 70 NY2d 966, 967, *supra; Zuckerman v City of New York, supra).* In our view, the affidavits submitted by plaintiffs, one from their attorney and another from Kim Klopstock-Wait, contain nothing more than conclusory arguments asserting that factual issues exist, rather than statements placing any fact at issue. The Klopstock-Wait affidavit contends that "[m]assage therapy was prescribed for my neck and back problems and Gregory's back problems" but does not argue that any medical diagnosis exists to support this conclusion. Plaintiffs have failed to submit any proof that they suffered from conditions making

massage therapy "medically necessary". Accordingly, summary judgment in favor of defendant was improperly denied.

Amended order reversed, on the law, without costs, motion granted, summary judgment awarded to defendant and complaint dismissed. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.