■ ESTHER STRASSBERG, Respondent, v CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Appellant, et al., Defendant. —Levine, J. Appeals (1) from an order of the Supreme Court (Williams, J.), entered June 17, 1991 in Sullivan County, which granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

Plaintiff is insured under a group health insurance policy issued by defendant Connecticut General Life Insurance Company (hereinafter defendant). On or about July 26, 1989, plaintiff underwent emergency coronary bypass surgery during which it was necessary to remove and utilize a vein from her right leg. On July 31, 1989, while plaintiff was recovering at the hospital, both her surgeon, Jeffrey Gold, and her attending physician, Theodore Tyberg, recommended to plaintiff's family that inpatient private-duty nurses be employed to care for plaintiff. Such nursing services were obtained and continued until August 9, 1989 when plaintiff was transferred to a rehabilitation center.

While at the rehabilitation center, plaintiff developed a severe wound infection in her right thigh necessitating her transfer back to the hospital on August 19, 1989. At that time, Tyberg again recommended that private-duty nurses be hired

to care for plaintiff during her stay at the hospital. Plaintiff was discharged from the hospital on or about August 25, 1989. Under the advice and direction of Tyberg, plaintiff's private-duty nursing care was continued at her home until September 24, 1989 when it was determined to be no longer medically necessary.

Thereafter, plaintiff submitted to defendant a claim form together with certain itemized invoices seeking reimbursement for the private-duty nursing expenses incurred. According to the terms of plaintiff's policy with defendant, expenses for medical services, including professional nursing services, "are considered Covered Expenses to the extent that [they] are recommended by a Physician and are essential for the necessary care and treatment of * * * a Sickness". Relying on this provision, defendant denied plaintiff's claim for reimbursement, stating that the inpatient private-duty nursing care received by her "was not essential for the necessary care and treatmnet [sic] of an Injury or Sickness". Upon a subsequent request by plaintiff for reconsideration, defendant adhered to its initial decision denying reimbursement for the inpatient private-duty nursing expenses, but allowed reimbursement for such services on an outpatient basis to the extent of three hours per day.

Plaintiff then commenced this breach of contract action seeking full reimbursement from defendant for all private nursing expenses incurred. Following joinder of issue and the completion of discovery, plaintiff moved for summary judgment on the complaint. Supreme Court granted the motion, concluding that the policy provision at issue is ambiguous and that the ambiguity should be construed in plaintiff's favor. This appeal by defendant ensued.

There should be an affirmance. Defendant contends that the language of the policy providing for coverage of professional nursing services when "recommended by a Physician and * * * essential for the necessary care and treatment of * * * a Sickness" gives it the right to make an independent determination as to the insured's need for . such services. We disagree. Although it is not uncommon in the insurance industry for an insurer to reserve to itself the right to make an independent determination on questions of medical necessity (see, e.g., *Wait v Metropolitan Life Ins. Co.,* 168 AD2d 867, 867-868), the policy here contains no language reserving such a right in defendant (see, *Penoyer v Guardian Life Ins. Co.,* 167 AD2d 915, 916, *lv denied* 78 NY2d 852; *Little v Blue Cross,* 72 AD2d 200, 202-203). Nor does the policy contain a definition of

the phrase "essential for the necessary care and treatment" or describe the criteria on which a determination of need is to be based.

Despite defendant's assertion to the contrary, there is no language in the policy which can be construed as providing policyholders with adequate notice that defendant has the right to make a final review of the recommendation made by an insured's physician. Thus, plaintiff's interpretation of the provision as requiring defendant to furnish coverage for private-duty nursing care solely upon the good-faith recommendation of a physician who has determined such care to be essential for the necessary care and treatment of a sickness is, in our view, entirely reasonable. From the foregoing, it is clear that defendant failed to meet its burden of establishing that the construction of the provision offered by it is the only fair construction (see, Sincoff v Liberty Mut. Fire Ins. Co., 11 NY2d 386, 390; Kronfeld v Fidelity & Cas. Co., 53 AD2d 190, 194, lv denied 40 NY2d 807), and we agree with Supreme Court that the ambiguity created by the policy language must be resolved in favor of plaintiff (see, United States Fid. & Guar. Co. v Annunziata, 67 NY2d 229, 232; Prince v ITT Life Ins. Corp., 89 AD2d 779, 780; Little v Blue Cross, supra, at 203).

We reject defendant's contention that a question of fact remains as to whether the nursing services received by plaintiff were medically necessary. In support of her motion for summary judgment, plaintiff submitted an affidavit from Tyberg in which he detailed the chronology of plaintiff's illness and averred that, based upon plaintiff's weakened state, past medical history and then-existing medical condition, the private-duty nursing services received by her at his direction from July 31, 1989 through August 9, 1989 and from August 19, 1989 through September 24, 1989 were medically necessary and essential for her care. In opposition, defendant submitted the affidavits of a physician and a registered nurse, both of whom stated that the private-duty nursing services were neither necessary nor essential for plaintiff's care and treatment. These submissions, however, did no more than demonstrate a difference in professional medical judgment. Because we have determined that plaintiff was entitled to rely on the good-faith recommendation of Tyberg, defendant's proof was insufficient to defeat plaintiff's summary judgment motion (see, Little v Blue Cross, supra, at 204).

As a final matter, we note that defendant's attempt to raise a question of fact as to Tyberg's good faith is unavailing, as

the erroneous dates and sequence of events set forth in Tyberg's October 1989 and May 1990 letters to defendant were corrected in his affidavit submitted on the motion and do not support an inference of bad faith.

Weiss, P. J., Mikoll, Crew III and Mahoney, JJ., concur. Ordered that the order and judgment are affirmed, with costs.