■ DONALD H. BAUGHMAN et al., Appellants, v MERCHANTS MUTUAL INSURANCE COMPANY, Respondent. [624 NYS2d 715] —Judgment modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: Supreme Court properly granted the motion of defendant for summary judgment on the ground that Donald H. Baughman and Donald H. Baughman, Inc. (plaintiffs) were not insureds under its policy and, therefore, not entitled to coverage. The parties agree that plaintiffs were "owners" of the vehicle within the meaning of the policy. An owner is not an "insured" under the "Truckmen's" endorsement if the bodily injury occurs "while [the] automobile is not being used exclusively in the business of the named insured and over a route the named insured is authorized to serve by federal or public authority; but this limitation shall not apply to an automobile while en route, at the request of the named insured, to engage in such exclusive use and not transporting property for others." That unambiguous language establishes that there is coverage when the automobile is being used exclusively in the named insured's business or en route to engage in that business. Here, the New York State Workers' Compensation Board determined that, when the accident occurred, the driver of the vehicle was not acting within the scope of his employment, but rather, was using the vehicle for his personal use. That determination is binding on plaintiffs *(see, Liss v Trans Auto Sys.,* 68 NY2d 15) and establishes that the vehicle was not being used exclusively in the business of

the named insured or en route to do that business at the named insured's request.

Because this is a declaratory judgment action, the court in granting defendant's motion for summary judgment should not have granted that part of the motion seeking dismissal of the complaint and should have made a declaration. We, therefore, modify the judgment on appeal by reinstating the complaint and granting judgment in favor of defendant declaring that defendant properly denied coverage on the ground that plaintiffs were not insureds under defendant's policy.

All concur except Denman, P. J., and Fallon, J., who dissent and vote to reverse in the following Memorandum.

Denman, P. J., and Fallon, J. (dissenting). We respectfully dissent. In our opinion, the determination of the New York State Workers' Compensation Board that the driver of the vehicle was not acting within the scope of his employment at the time of the accident is not dispositive of the insurance coverage issue involved in this action. This action is premised on the fact that an insurance policy issued to John J. Schutt, Jr., Inc. (Schutt) covered the owner of a vehicle leased to Schutt if the driver was "en route, at the request of [Schutt], to engage in * * * exclusive [business]" of Schutt. The policy language further limited the definition of an insured and then provided an exception to that limitation by the following language: "[W]hile [the] automobile is not being used exclusively in the business of the named insured * * * but this limitation shall not apply to an automobile while en route, at the request of the named insured, to engage in such exclusive use and not transporting property for others". The open-ended lease agreement between Donald H. Baughman and Donald H. Baughman, Inc. (plaintiffs) and Schutt had covered the Peterbilt Tractor for approximately four years and plaintiffs submitted evidence that the common practice of the parties was to allow the driver, Ralph E. Landwehr, to take the tractor to his residence between trips. That practice enabled Landwehr to be dispatched directly to pickup points at Schutt's direction. In its motion for summary judgment dismissing the complaint, defendant contended that the owner of the hired vehicle is not an insured when the vehicle is not driven "en route" at the request of the named insured to engage "in such exclusive use and not transporting property of others".

The facts surrounding Landwehr's accident are undisputed. On February 24, 1978, Landwehr drove the tractor from his home in Springville, New York, to Schutt's facility on Grand

Island. He picked up a trailer of goods and delivered those goods to Erie, Pennsylvania. He then drove the tractor and the empty trailer to the Linde Division Plant in Tonawanda, New York. Landwehr was then authorized to take the tractor to his home in Springville, New York, for the night. Such action was in the interest of Schutt, for Landwehr would be hauling goods for Schutt the next morning. Instead of going directly to Springville, however, Landwehr was on his way to visit an acquaintance in Niagara Falls, New York, at the time of the accident.

Plaintiffs contend that, in the context of the authorized personal use of the vehicle by Landwehr to drive to his residence between trips, the phrase "en route" is ambiguous and should be construed against defendant. We agree.

It is well settled that, in interpreting insurance policies, we should resolve all ambiguity in favor of the policyholder and against the company (Little v Blue Cross, 72 AD2d 200). We disagree with the majority that the determination of the New York State Workers' Compensation Board that Landwehr was not acting within the scope of his employment but was using the vehicle for his personal use is binding on plaintiffs here. We agree that plaintiffs were parties to the New York State Workers' Compensation Board proceeding and are precluded from disputing the determination that Landwehr was not acting within the scope of employment at the time of the accident. However, in our opinion, the exception to the policy limitation is broader than "scope of employment" for Workers' Compensation purposes and provides a window of coverage for the conduct in this case.

The policy in the instant case provides that there is coverage if the activity is "not exclusively in the business" of the named insured, and then sets forth the above described exception to that provision. If the policy were to cover Landwehr only when he was acting in the scope of employment, the exception to the "exclusively in the business" requirement would be irrelevant, regardless of where Landwehr was driving or what he was hauling. The vehicle would be insured only if he was acting in his scope of employment (see, e.g., Freed v Travelers, 300 F2d 395 [7th Cir 1962] [personal use specifically proscribed in policy]). The policy here, apparently recognizing the common practice of drivers taking unloaded tractors between jobs, provides coverage for such occasions. If such trips were always within the scope of the driver's employment, then the policy language could end with "exclusively in the business". Therefore, in our opinion, there is a

possibility for coverage in excess of the scope of the driver's employment.

Finally, contrary to the majority's conclusion, we conclude that the exclusion is ambiguous. It is undisputed that plaintiffs would be insured if an accident occurred while Landwehr was driving a tractor without a trailer from a location designated by Schutt directly to Landwehr's residence. The issue thus presented is whether plaintiffs are covered if an accident occurs when the tractor is driven to a point between a location designated by Schutt and the residence of Landwehr. Although Niagara Falls was in the opposite direction from Landwehr's residence, it was a short distance from the location of his last delivery. With respect to distance, it was not a major deviation from his trip home. The issue here, we submit, is a narrow one. In order for the "en route" exclusion to apply, must a driver drive home by the most direct route after dropping off his trailer or is he covered during reasonable deviations from his direct route taken for his personal benefit? We contend that the policy does not answer that question, and, because the policy is ambiguous, it must be construed against the insurer (see, State of New York v Home Indem. Co., 66 NY2d 669, 671-672). Therefore, we would reverse the judgment on appeal and grant judgment declaring that plaintiffs were insureds under defendant's policy at the time of the accident. (Appeal from Judgment of Supreme Court, Erie County, Mintz, J.—Declaratory Judgment.) Present—Denman, P. J., Lawton, Fallon, Balio and Boehm, JJ.