■ NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY, Appellant, v JOHN DOE, Respondent. [671 NYS2d 280] —In an action for a judgment declaring, *inter alia*, that the plaintiff is not obligated to pay the defendant benefits under a certain disability income policy, the plaintiff appeals from an order of the Supreme Court, Rockland County (Bergerman, J.), dated February 14, 1997, which granted the defendant's motion pursuant to CPLR 3211 (a) (1) and (5) to dismiss the complaint.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Rockland County, for entry of a judgment declaring that the plaintiff is obligated to pay benefits to the defendant under the subject insurance policy.

The Supreme Court properly found that the "Incontestability" clause of the subject policy and Insurance Law § 3216 (d) (1) (B) (ii) preclude the plaintiff from denying benefits to the defendant (*see, Monarch Life Ins. Co. v Brown*, 125 AD2d 75; *White v Massachusetts Cas. Ins. Co.*, 96 AD2d 732).

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the defendant rather than dismissal of the complaint (*see, Lanza v Wagner*, 11 NY2d 317, 334, *cert denied* 371 US 901). O'Brien, J. P., Joy, Altman and Luciano, JJ., concur.