■ ANTHONY D. FAVATA, Respondent, v PAUL REVERE LIFE INSURANCE COMPANY, Appellant. [678 NYS2d 197] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly determined that the incontestability clause of the subject disability policy bars defendant from raising the defense that plaintiff's multiple sclerosis condition first manifested itself prior to the date on which the policy was issued (*see, New England Mut. Life Ins. Co. v Doe,* 249 AD2d 285; *Monarch Life Ins. Co. v Brown,* 125 AD2d 75; *White v Massachusetts Cas. Ins. Co.,* 96 AD2d 732, *appeal dismissed* 60 NY2d 702; *see also, Equitable Life Assur. Socy. v Poe,* 143 F3d 1013 [applying Michigan law]; *Estate of Doe v Paul Revere Ins. Group,* 86 Haw 262, 948 P2d 1103; *Oglesby v Penn Mut. Life Ins. Co.,* 889 F Supp 770, *affd* 127 F3d 1096 [applying Delaware law]; *Penn Mut. Life Ins. Co. v Oglesby,* 695 A2d 1146 [Del]; *Equitable Life Assur. Socy. v Bell,* 27 F3d 1274 [applying Indiana law]; *Insurance Commr. of Md. v Mutual Life Ins. Co.,* 111 Md App 156, 680 A2d 584, *cert granted* 344 Md 115, 685 A2d 450; *Fischer v Massachusetts Cas. Ins. Co.,* 458 F Supp 939 [applying New York law]; *Taylor v Metropolitan Life Ins. Co.,* 106 NH 455, 214 A2d 109).

We reject defendant's contention that the court's interpretation of the incontestability clause of the policy will promote or encourage fraud. Insurance Law § 3216 (d) (1) (B) (i) allows an insurer to set forth in its incontestability clause an exception for "fraudulent misstatements". Defendant elected not to incorporate that clause in its policy (*see, Penn Mut. Life Ins. Co. v Oglesby, supra,* at 1148-1149; *Equitable Life Assur. Socy. v Bell, supra,* at 1279). (Appeal from Order of Supreme Court, Erie County, Mahoney, J.—Summary Judgment.) Present—Denman, P. J., Green, Wisner, Balio and Fallon, JJ.