■ TRI TOWN ANTLERS FOUNDATION, INC., Respondent, v FIREMAN'S FUND INSURANCE Co., Appellant.—

The principal issue at trial and the sole issue on appeal is whether the public adjuster is an employee within the meaning of the policy. In its oral decision, the trial court found that the disputed provision is unambiguous, and construed it in plaintiff's favor as a matter of law. Although we find that the provision is ambiguous, an affirmance nevertheless is required. Since resolution of the ambiguity does not depend upon extrinsic evidence (see, Hartford Acc. & Indem. Co. v Wesolowski, 33 NY2d 169, 172), we resolve the issue as a matter of law in favor of the policyholder and against the company issuing the

policy *(see, Venigalla v Penn Mut. Ins. Co.,* 130 AD2d 974, 975, *lv dismissed* 70 NY2d 747; *Little v Blue Cross,* 72 AD2d 200, 203).

While the language obviously may be interpreted in accordance with the dissenting view, we cannot conclude that the dissenters' interpretation is the only fair construction of the language *(see, Venigalla v Penn Mut. Ins. Co., supra,* at 975). Indeed, in light of the uncontroverted evidence produced by plaintiff at trial, defendant's argument that the provision unambiguously excludes coverage for compensation paid to a public adjuster is untenable. The chairman of plaintiff's insurance committee testified that before the public adjuster was hired by plaintiff, the chairman was informed by the employee agent of defendant that the expense was covered under the policy, but would not be covered under future policies.

An admission made by an agent within the scope of his authority is receivable against his principal as an admission (Richardson, Evidence § 253, at 220 [Prince 10th ed]; *see also,* 71 NY Jur 2d, Insurance, § 2090, at 595). Throughout trial, defendant argued that the policy unambiguously precludes payment of the public adjuster's fees. The admission by the agent was inconsistent with that position and was thus competent evidence *(see,* Richardson, Evidence § 209, at 187 [Prince 10th ed]). Defendant did not dispute the agent's authority and offered no evidence in rebuttal, choosing instead to rely upon its position that the policy is unambiguous.

Although evidence of the admission demonstrates that the policy language is susceptible of more than one reasonable meaning, it also constitutes extrinsic evidence of defendant's intent at the time the policy was issued. It does not follow, however, that the court erred in directing judgment in plaintiff's favor as a matter of law. Defendant chose to rest without offering any proof, and thus the only extrinsic evidence in the record is that offered by plaintiff. Where, as here, the policy is ambiguous, and no extrinsic evidence is offered from which the jury could conclude that the policy should be interpreted in favor of the insurer, a verdict in favor of the insured should be directed as a matter of law *(see, Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, *supra; see also, Venigalla v Penn Mut. Ins. Co., supra; Little v Blue Cross, supra).*

The dissenters cite Insurance Law statutes and regulations promulgated thereunder to support the theory that the policy language is unambiguous. While defendant insurer undoubtedly is familiar with the complexities of the Insurance Law, it is safe to conclude that the average purchaser of fire insur-

ance is not. For that reason, we are required to interpret policy language, and the context in which it is used, from the perspective of the average lay or business person *(see, Atlantic Cement Co. v Fidelity & Cas. Co.,* 91 AD2d 412, 418-419, *affd* 63 NY2d 798). An insurance carrier is fully aware of the work of a public adjuster but the average insured has no occasion to seek an adjuster's service until after a fire loss. This defendant must be charged with knowledge that the principal and most important function of the adjuster is to complete a proof of loss in a manner beneficial to the insured. If it was defendant's purpose to exclude payment to a public adjuster employed for that reason by plaintiff, it would have been a simple matter to say so. An example of that simplicity is found in another section of the policy under review. It authorizes each party to name an appraiser in the event an agreement is not reached on the amount of the loss. In clear language the policy states: "You will pay your appraiser and we will pay ours." Here, the policy specifically informs plaintiff that it is entitled to payment for "Loss Adjustment Expense". In the absence of language excluding payment of expense incurred for the services of a public adjuster, it is not unreasonable to conclude that the disputed provision authorizes reimbursement for that expense.

All concur, except Callahan and Lawton, JJ., who dissent and vote to reverse and dismiss the complaint in the following memorandum.

Callahan and Lawton, JJ. (dissenting). We must respectfully dissent because, contrary to the majority view, we do not believe that the provision of the policy is ambiguous.

The provision in issue is intended to provide reimbursement to an insured for additional wages that it may be required to pay its employees for extra work incurred in preparing inventories or other loss data for completing a proof of loss. This provision is not intended to provide reimbursement to an insured for expenses incurred in retaining the optional services of a public adjuster. A "public adjuster" is defined in Insurance Law § 2101 (g) (2) as "any person, firm, association or corporation who, or which, for money, commission or any other thing of value, acts or aids in any manner on behalf of an insured in negotiating for, or effecting, the settlement of a claim or claims for loss or damage to property of the insured in this state". The duties of a public adjuster, as shown by the foregoing definition, are not limited to those necessary for completing a proof of loss for which reimbursement is provided, but also involve expertise in evaluating, negotiating

and effecting settlements of fire loss claims, for which no reimbursement is provided. A public adjuster's contract for services and its fees are directly regulated by the Superintendent of Insurance *(see,* Insurance Law § 2108 [p]; 11 NYCRR 25.6, 25.13 [a]). Thus, a public adjuster is an independent contractor, not an employee, and its fees are not wages within the meaning of the disputed provision. We conclude, therefore, that plaintiff's complaint should be dismissed. (Appeal from judgment of Supreme Court, Onondaga County, Mordue, J.—breach of contract.) Present—Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ.