■ WINONA BOGGS, Plaintiff, v COMMERCIAL MUTUAL INSURANCE COMPANY, Respondent, and COTE AGENCY, INC., Appellant. [632 NYS2d 870] —Cardona, P. J. Appeal from an order of the Supreme Court (Mycek, J.), entered August 12, 1994 in Saratoga County, which, *inter alia*, granted defendant Commercial Mutual Insurance Company's cross motion for summary judgment dismissing the complaint against it.

In January 1992, plaintiff's barn, located behind her residence on property in the Town of Corinth, Saratoga County, was damaged by a windstorm. Plaintiff filed a claim for the loss under a homeowner's insurance policy with defendant Commercial Mutual Insurance Company which had been issued through defendant Cote Agency, Inc. Commercial Mutual denied coverage under an exclusion which excludes coverage for "structures designed or used for business". The policy defines a "Business" as "a trade, profession, or other occupation * * * all whether full or part time". The policy does not define "designed" or "used".

Plaintiff commenced this action alleging breach of contract against both Commercial Mutual and Cote. In her second cause of action, plaintiff alleged a negligence cause of action against Cote based on its failure to provide her with adequate insurance coverage. Following discovery, Cote moved for summary judgment on the basis that Commercial Mutual had improperly denied coverage. Commercial Mutual cross-moved for summary judgment based on the "designed or used" language. Concluding that the proof demonstrated that the barn had been "designed or used for business" within the meaning of the subject exclusion and that the exclusion was clear, Supreme Court denied Cote's motion and granted Commercial Mutual's cross motion. Cote appeals.

In our view, there must be a modification. It is true that in interpreting insurance contracts, clear and unambiguous provisions must be given their plain and ordinary meaning (*see, State of New York v Capital Mut. Ins. Co.*, 213 AD2d 888, *lv denied* 86 NY2d 702). However, "where the meaning of a policy of insurance is in doubt or is subject to more than one reasonable interpretation, all ambiguity must be resolved in favor of the policyholder and against the company which issued the policy" (*Little v Blue Cross*, 72 AD2d 200, 203). This rule is especially applicable when the language at issue involves an exclusionary clause (*see, Venigalla v Penn Mut. Ins. Co.*, 130 AD2d 974, *lv dismissed* 70 NY2d 747). Where there is ambiguity it is the insurer's burden to prove that the construction it advances is not only reasonable, but also that it is the only fair construction of the language (*Tri Town Antlers Found. v Fireman's Fund Ins. Co.*, 158 AD2d 908, *affd* 76 NY2d 841). It must also be kept in mind as to how the clause will be interpreted by the " 'average [person] on the street' " (*Venigalla v Penn Mut. Ins. Co., supra*, at 975, quoting *Lachs v Fidelity & Cas. Co.*, 306 NY 357, 364).

No such clarity of meaning is evident from the exclusion

clause at issue. It cannot be said that proposed insureds, in reading the language, would not think themselves covered against the loss that did, in fact, occur. We conclude that the clause "designed or used for business" is ambiguous and should be construed against Commercial Mutual. Commercial Mutual construes the term "designed" to refer solely to the original purpose for which the structure was constructed. It points to plaintiff's pretrial testimony wherein she admitted that the barn was built in 1948 for the specific purpose of storing lumber which was to be sold to a paper company. We, however, agree with Cote that the policy is susceptible of more than one reasonable meaning and that the average person, upon receipt of the policy, could interpret the words as referring to the structure's design or use during the insurance policy's effective period. Here, the evidence revealed that the commercial use of the barn ended no later than 1957 and that the policy was not issued until 1991. It would have been reasonable for plaintiff to have assumed that because the barn was no longer used for a commercial purpose and since it had not been designed for such use during the policy's effective period, that the exclusion did not apply. We also note that the policy's failure to define the terms "design" or "use" gives rise to an ambiguity that must be construed in the insured's favor (*see*, *Kennedy v Valley Forge Ins. Co.*, 203 AD2d 930, *affd* 84 NY2d 963). If Commercial Mutual intended to exclude coverage for structures designed for a business purpose at the time they were built, it should have done so in clear and unambiguous language.

Because there is a reasonable interpretation of the exclusionary clause different from the one advanced by Commercial Mutual, it failed to sustain its burden of proof and summary judgment should not, therefore, have been awarded. While we agree with Cote that the complaint against it should have been dismissed, that aspect of its motion seeking to dismiss the cross claim asserted against it by Commercial Mutual for contribution and/or indemnification should be denied.

Mercure, Crew III, Casey and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant Commercial Mutual Insurance Company's cross motion for summary judgment dismissing the complaint against it and denied defendant Cote Agency, Inc.'s motion for summary judgment dismissing the complaint against it; cross motion denied and motion granted to the extent that summary judgment dismissing the complaint is awarded to defendant Cote Agency, Inc.; and, as so modified, affirmed.