■ Basil Development Corporation et al., Respondents, v General Accident Insurance Company, Appellant. [645 NYS2d 137] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Kahn, J.), entered July 26, 1995 in Albany County, which, *inter alia*, granted plaintiffs' motion for summary judgment and made a declaration in their favor.

In 1986 and 1987, plaintiff Basil Development Corporation (hereinafter plaintiff) constructed 35 single-family residences in a development known as Orchard Park, in the Town of New Scotland, Albany County. Because there was no available public water supply, plaintiff provided each residence with a ground water well. In October 1988, 30 of the homeowners in the development (hereinafter the homeowners), having discovered that their well water was contaminated, commenced an action against plaintiff alleging causes of action sounding in breach of contract, breach of warranty, fraud and negligence.

Plaintiff called upon defendant to provide it with a defense and indemnification pursuant to the terms of a comprehensive general liability insurance policy that defendant had issued to plaintiff. When defendant refused, plaintiff commenced the instant action, seeking a declaration that defendant has a duty to defend and indemnify it against the action brought by the homeowners. Both plaintiff and defendant subsequently moved for summary judgment. Supreme Court granted plaintiff's motion and denied defendant's cross motion, prompting this appeal.

Defendant's refusal to defend and indemnify plaintiff was based on a policy provision that excludes from coverage property damage to plaintiff's own work or "products", as well as damages claimed for the cost of correcting plaintiff's work, or replacing or repairing defective products. These exclusions, defendant urges, make it clear that coverage is not provided for the damages sought by the homeowners, which essentially arise from the need to obtain a substitute water source, and to repair damages to household fixtures caused by the contaminated water. Plaintiff, on the other hand, maintains, and

invoked by the agency (*see generally, Matter of Berchielli v Zoning Bd. of Appeals*, 202 AD2d 733, 734, *lv denied* 83 NY2d 757).

Supreme Court found, that inasmuch as the homeowners do not seek reparations for any defect in the wells themselves, that is, the mechanical systems and components that plaintiff installed, but charge only that the groundwater passing through the wells—a commodity over which plaintiff has no control—is contaminated, their claim does not question the adequacy of plaintiff's work product, and therefore the exclusion does not apply.

We disagree. Plaintiff's work product, as defined in the insurance policy, encompasses that which plaintiff "manufactured, sold, handled, or distributed". In this instance, it is apparent that what plaintiff undertook to provide, and was paid for (i.e., "sold"), was not merely the mechanical components of a well or pumping system, but rather a habitable dwelling, a necessary and intended component of which was a supply of potable water. The defect of which the homeowners complain is a defect in that product, which supposedly resulted from plaintiff's error in constructing the homes, including the appurtenant water systems, as it did or where it did. To find the policy exclusion inapplicable here would be to hold defendant liable for defects in plaintiff's work product (the homes it sold), or for the cost of repair or replacement of defective portions of those homes, liabilities which defendant expressly excluded from coverage (see, Fuller Co. v United States Fid. & Guar. Co., 200 AD2d 255, 260, lv denied 84 NY2d 806; Zandri Constr. Co. v Firemen's Ins. Co., 81 AD2d 106, 109, affd sub nom. Zandri Constr. Co. v Stanley H. Calkins, Inc., 54 NY2d 999).

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion denied, cross motion granted, summary judgment awarded to defendant and it is declared that defendant does not have a duty to defend and indemnify plaintiffs in the underlying action.