■ ZURICH INSURANCE COMPANY, Appellant-Respondent, v TEXASGULF, INC., et al., Respondents-Appellants. [649 NYS2d 153] —Order and judgment (one paper), Supreme Court, New York County (Herman Cahn, J.), entered September 11, 1995, which granted plaintiff's motion for summary judgment to the extent of, in effect, declaring that it has no duty to indemnify or further defend defendants in the pending underlying action in Federal court and dismissing defendants' first, second and third counterclaims, and denied plaintiff's motion insofar as it sought dismissal of the fourth counterclaim, with leave to renew after discovery, unanimously modified, on the law, to the extent of granting plaintiff's motion to dismiss the fourth counterclaim, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered April 18, 1996, which, insofar as appealable, denied plaintiff's motion for renewal with respect to the fourth counterclaim, unanimously dismissed, without costs, as academic in view of the foregoing.

It is undisputed that the subject policy has an exclusion for liability under the Federal Employee Retirement Income Security Act of 1974 (ERISA; 29 USC § 1001 *et seq.*). In *Pilot Life Ins. Co. v Dedeaux* (481 US 41), the United States Supreme Court held that ERISA preempts State common-law causes of action relating to employee benefit plans. Defendants seek indemnification for a judgment expressly based on ERISA liability only, and a continuing defense in litigation that, under *Dedeaux* (*supra*), cannot include State common-law claims. Therefore, defendants have no actual or potential exposure except for liability that is expressly excluded from coverage under the terms of the endorsement.

It was error, then, to deny summary judgment on the insureds' fourth counterclaim alleging that the insurers acted in bad faith in refusing to settle the underlying action. That claim should have been dismissed as a matter of law, since a claim of bad faith must be predicated on the existence of coverage of the loss in question (*O'Malley v United States Fid. & Guar. Co.*, 776 F2d 494, 500 [5th Cir]; *see also, Lund v American Motorists Ins. Co.*, 797 F2d 544, 548 [7th Cir]; *Love v Fire Ins. Exch.*, 221

Cal App 3d 1136, 1151, 271 Cal Rptr 246, 255; *California State Auto. Assn. v Superior Ct.*, 184 Cal App 3d 1428, 1433, 229 Cal Rptr 409, 412). This is especially true in New York where a mere arguable basis for the insurer's denial of coverage has been sufficient to defeat, as a matter of law, a claim of bad faith (*Dawn Frosted Meats v Insurance Co.*, 99 AD2d 448, *affd* 62 NY2d 895, citing *Sukup v State of New York*, 19 NY2d 519, 522). Here, the IAS Court correctly determined that coverage does not exist due to the operation of ERISA and the ERISA exclusion in the employee benefits endorsement of the subject policy, thereby precluding the bad faith claim. Concur—Sullivan, J. P., Ellerin, Ross, Williams and Andrias, JJ.