■ DEBORAH TANZER, Respondent, v HEALTH INSURANCE PLAN OF GREATER NEW YORK, Appellant. [655 NYS2d 493] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered April 15, 1996, which, *inter alia*, denied defendant's motion to dismiss the first, second, third and fourth causes of action in the complaint, reversed to the extent appealed from, on the law, without costs, defendant's motion granted and the first, second, third and fourth causes of action in the complaint are dismissed.

At issue is the provision in defendant's health insurance contract which, under section Seven, entitled Exclusions, provides, in pertinent part: "14. Other Exclusions. We will not provide benefits for the following: * * * B. Anesthesia."

Contrary to the IAS Court's holding, the term anesthesia as used in defendant's contract is not ambiguous. Inasmuch as section Four, paragraph 3 (C) of the same contract specifically excludes from coverage all "inpatient drugs or supplies", plaintiff's interpretation of anesthesia as the equivalent of anesthetic, i.e., the substance given to the patient by an anesthesiologist, would render that prior exclusion redundant. It is well established that courts will not read a contract so as to render a term meaningless surplusage (*see, Ruttenberg v Davidge Data Sys. Corp.*, 215 AD2d 191, 196; *National Union Fire Ins. Co. v Williams*, 223 AD2d 395, 397) and the term anesthesia, as used in defendant's contract, must be given its ordinary and widely accepted meaning as the general term for the entire process of anesthetizing a patient. Accordingly, plaintiff's first four causes of action which seek coverage for the services of an anesthesiologist are dismissed. Concur—Sullivan, J. P., Nardelli and Andrias, JJ.

Ellerin and Tom, JJ., dissent in a memorandum by Tom, J., as follows: I respectfully dissent and vote to affirm the order of the IAS Court.

Plaintiff Deborah Tanzer was covered by medical insurance policies issued by Empire Blue Cross and Blue Shield ("Empire") and defendant Health Insurance Plan of Greater New York ("HIP"). On October 19, 1994, plaintiff underwent surgery for the excision of a branchial cleft cyst at Beth Israel Hospital in New York. Pursuant to the terms of her HIP plan, plaintiff's HIP provider arranged for the services of an anesthesiologist and, following surgery, the anesthesiologist billed plaintiff in the amount of $544. Plaintiff thereafter submitted the bill to both Empire and HIP, but was denied coverage.

Plaintiff subsequently brought separate actions against Empire and HIP, the latter of which is presently at bar. HIP

moved to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (1) and (7), which motion was denied by the IAS Court on the grounds that the HIP plan was ambiguous. I agree.

Section Four of the HIP plan, entitled Medical Services Provided By Your Medical Group, specifically provides for the coverage of "Surgical Care", with no further elaboration. Section Seven of the HIP plan, in contrast, sets forth a series of exclusions, among which is a subsection entitled "Other Exclusions", which states "We will not provide benefits for the following: * * * Anesthesia". Again, there is no elaboration, or explanation, as to what constitutes anesthesia; for instance, it is not clear whether it simply refers to the drugs administered, the anesthesiologist services, or both. HIP maintains that despite the fact that it is obligated to reimburse plaintiff for surgical care, and despite the fact that anesthetic agents were administered to her by an anesthesiologist during surgery, both the doctor and anesthetic agents are excluded.

It is axiomatic that "in order for an insurer to negate coverage through an exclusion, it must establish that the exclusion is set forth in clear and unmistakable language, that it is subject to no other reasonable interpretation, and that it applies to the facts of the particular case" (*Consolidated Edison Co. v Hartford Ins. Co.*, 203 AD2d 83, 84; *see also, Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 652; *Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311). In addition, any ambiguities in an insurance policy must be construed against the insurer who drafted it, "particularly when found in an exclusionary clause" (*Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.*, 60 NY2d 390, 398; *see also, Cone v Nationwide Mut. Fire Ins. Co.*, 75 NY2d 747; *Breed v Insurance Co.*, 46 NY2d 351, 353).

In the matter before us, HIP has failed to meet its burden of establishing that "the construction it advances is not only reasonable, but also that it is the only fair construction of the language" (*Boggs v Commercial Mut. Ins. Co.*, 220 AD2d 973, 974; *Tri Town Antlers Found. v Fireman's Fund Ins. Co.*, 158 AD2d 908, *affd* 76 NY2d 841), especially since the clause must be interpreted through the eyes of the "average [person] on the street" (*Lachs v Fidelity & Cas. Co.*, 306 NY 357, 364; *see also, Hartford Ins. Co. v Halt*, 223 AD2d 204, 216). Contrary to the interpretation urged by defendant, the word "anesthesia" has been utilized in statutes and court decisions strictly as the anesthetic agents or substance to be inhaled, injected or otherwise administered (*see,* 11 NYCRR 52.6; Public Health Law § 3380

[2]; Education Law § 6526 [9]; § 6605-a [1]; *Alston v Howard*, 925 F Supp 1034, 1038; *People v Smith*, 80 Misc 2d 210, 212).

Here, it is unclear whether "anesthesia" refers to the anesthetic agents themselves, the administration of those agents, the care administered by the anesthesiologist in monitoring the patient during surgery, or some combination thereof. If defendant intended to exclude from coverage a patient's surgical anesthesiologist, it could have easily provided for such by clear and unmistakable language as employed in the thirteen detailed excluded coverages set forth under section Seven of that plan. The failure to do so created an uncertainty as to the meaning of the term "anesthesia", especially in light of section Four, which provides for coverage of "Surgical Care".

Accordingly, in view of this ambiguity, I vote to affirm.