■ NORMAN PEPPER et al., Respondents, v ALLSTATE INSURANCE COMPANY et al., Appellants. [799 NYS2d 292]—

Cardona, P.J. Appeal from an order of the Supreme Court (Ferradino, J.), entered March 18, 2004 in Saratoga County, which, inter alia, denied defendants' motions for summary judgment dismissing the complaint.

Plaintiffs are the owners of certain real property located in the Town of Greenfield, Saratoga County. On September 18, 2001, a detached garage located on the property caught fire, destroying the structure and damaging and/or destroying certain property stored therein. The fire apparently occurred while plaintiff Norman Pepper, a self-employed trucker, was attempting to repair an oil leak on his freightliner truck that he used to haul logs.* At the time of the fire, plaintiffs' property was covered by a homeowner's insurance policy with defendant All-

---

* It is undisputed that plaintiffs built the garage in 1992 so that Norman Pepper could pursue his woodworking hobby as well as having a place to store and repair equipment used in his landscaping business which ceased in July 2001. Plaintiffs parked vehicles in the garage only when they needed repairs.

state Insurance Company. Allstate paid a portion of the claim, namely, $14,045.55, covering certain undisputed "non-business" personal property and an additional $1,000 representing the policy limit for business-related personal property. Allstate denied the remaining portion of plaintiffs' claim for the destruction of the garage and certain contents based on the business-use exclusions contained in the insurance policy. Specifically, plaintiffs' insurance policy provided, in pertinent part:

"Section I—Your Property . . .

"Coverage B

"Other Structures Protection . . .

"Property We Do Not Cover Under Coverage B:

"1. Structures used in whole or in part for business purposes. . . .

"Coverage C

"Personal Property Protection . . .

"Limitations On Certain Personal Property:

"Limitations apply to the following groups of personal property. . . .

"3. $1,000—Property used or intended for use in a business."
The policy defined "[b]usiness" as "any full or part-time activity of any kind engaged in for economic gain and the use of any part of any premises for such purposes."

Following Allstate's disclaimer, plaintiffs commenced this action against Allstate and defendant David J. Vogel, individually and doing business as Vogel Insurance Agency, Allstate's agent who procured plaintiffs' policy, seeking damages in the amount of $135,829.59 for unpaid insurance claims as to the garage and certain contents. The first cause of action was against both defendants alleging breach of contract for Allstate's failure to pay plaintiffs' claims under the policy. The second and third causes of action were against Vogel alleging breach of contract and negligence with respect to, among other things, Vogel's actions in procuring the policy. Following joinder of issue, Allstate and Vogel moved for summary judgment. Supreme Court denied the motions except to the extent of granting Vogel's motion as to plaintiffs' first cause of action against him, prompting this appeal by both defendants.

It cannot be disputed that "[c]ourts must determine the rights and obligations of parties under an insurance contract based on the policy's specific language" (*State Farm Mut. Auto. Ins. Co. v Glinbizzi*, 9 AD3d 756, 757 [2004]) and "[u]nambiguous provisions must be given their plain and ordinary meaning" (*id.*; *see*

*Sanabria v American Home Assur. Co.*, 68 NY2d 866, 868 [1986]). However, when an insurance policy's meaning is not clear or is subject to different reasonable interpretations, ambiguities must be resolved in the insured's favor and against the insurer (*see Little v Blue Cross of W. N.Y.*, 72 AD2d 200, 203 [1980]; *see also Boggs v Commercial Mut. Ins. Co.*, 220 AD2d 973, 974 [1995]). Notably, the test for determining whether an insurance provision is ambiguous "focuses on the reasonable expectations of the average insured upon reading the policy" (*Matter of Mostow v State Farm Ins. Cos.*, 88 NY2d 321, 326-327 [1996]; *see Butler v New York Cent. Mut. Fire Ins. Co.*, 274 AD2d 924, 925-926 [2000]). Exclusionary language is strictly and narrowly interpreted and when an ambiguity is found, "it is the insurer's burden to prove that the construction it advances is not only reasonable, but also that it is the only fair [one]" (*Boggs v Commercial Mut. Ins. Co., supra* at 974).

Addressing Allstate's denial of coverage for the loss of the garage pursuant to the Coverage B exclusion, the pivotal issue is whether Pepper's use of his garage to effectuate repairs to the vehicle he used to haul logs unambiguously falls within the definition of "business" contained in the policy, i.e., that the repair activity was "engaged in for economic gain." Notably, defendants do not contend that Pepper was a vehicle mechanic or in the business of vehicle repair or restoration (*see e.g. Allstate Ins. Co. v Crouch*, 140 NH 329, 666 A2d 964 [1995]). Instead, they essentially assert that since Pepper used the vehicle he repaired as a means of earning money by charging others to transport their goods, his repair efforts indirectly led to economic gain. In our opinion, while defendants' construction may be arguably reasonable, it is not the only interpretation, nor is it the "only fair construction of the language" (*Boggs v Commercial Mut. Ins. Co., supra* at 974). Significantly, the majority of instances where this phrase has been interpreted has involved business activities that resulted directly in the acquisition of economic gain, such as, for example, day care services (*see e.g. Allstate Ins. Co. v Mathis*, 302 Ill App 3d 1027, 706 NE2d 893 [1999], *lv denied* 183 Ill 2d 565, 712 NE2d 816 [1999]; *cf. Allstate Ins. Co. v Noorhassan*, 158 AD2d 638, 639 [1990]), vehicle repair or restoration (*see e.g. Allstate Ins. Co. v Crouch, supra*) or music recording (*see e.g. Roland v Nationwide Mut. Fire Ins. Co.*, 286 AD2d 872 [2001]).

In our view, the "average" person in plaintiffs' situation could reasonably read the definition of business in the policy and conclude that, since no payment was received for repairing the truck, his activity in repairing it himself to save the cost of tak-

ing it to a professional mechanic was not an excluded use under the policy (*see Sincoff v Liberty Mut. Fire Ins. Co.*, 11 NY2d 386, 390 [1962]; *Tri Town Antlers Found. v·Fireman's Fund Ins. Co.*, 158 AD2d 908, 909-910 [1990], *affd* 76 NY2d 841 [1990]). Given that "the insurer bears the burden of establishing the applicability of an exclusion, and any ambiguity in an exclusion must be strictly construed against the insurer" (*Allstate Ins. Co. v Noorhassan, supra* at 639), Supreme Court properly denied summary judgment as to this issue.*

Next, we find no basis to disagree with Supreme Court's conclusion that questions of fact were raised "regarding the classification of items in . . . plaintiffs' garage as business or personal property." For example, Allstate denied coverage as to certain items that plaintiffs asserted had been originally used in the now-defunct landscaping business and were kept as personal items. The policy limits the amount of plaintiffs' recovery for "[p]roperty used or intended for use in a business," however, since the average person could interpret the phrase as only referring to items currently being used for business purposes (*cf. Boggs v Commercial Mut. Ins. Co., supra* at 974-975), summary judgment was properly denied.

Finally, we are unpersuaded by Vogel's argument that Supreme Court erred in not granting summary judgment dismissing the entire complaint against him. Upon review of the depositions and affidavits of plaintiffs and the insurance agent employed by Vogel who procured plaintiffs' policy, we find various questions of fact as to Vogel's alleged liability (*see Roland v Nationwide Mut. Fire Ins. Co., supra* at 872-873) precluding a grant of summary judgment.

The remaining issues addressed by defendants have been examined and found to be unavailing.

Mercure, Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.

---

* We note additionally that Supreme Court found that the phrase "any full or part-time activity of any kind" in the subject policy's definition of "[b]usiness" was ambiguous. Given the uncertainty as to whether the policy contemplated.a regular schedule of full-time or part-time business activity as opposed to activities that were sporadic or infrequent, we cannot say that Supreme Court erred in so ruling.