OPINION OF THE COURT
Mark M. Meddaugh, J.
*1029 The plaintiff has made a motion for summary judgment, pursuant to CPLR 3212 on the grounds that there are no triable issues of fact and that plaintiff is entitled to summary judgment as a matter of law.
This is a declaratory judgment action in which the plaintiff seeks a declaration of rights between itself and the defendants Family Cycle Corp. and Melissa Bader, an infant, by her mother and natural guardian, Mara Bader, and Mara Bader, individually (hereinafter referred to collectively as the defendants Bader). The underlying claim is that a bicycle was improperly repaired by the defendant Family Cycle Corp. and thereafter, on April 23, 2004, the infant, Melissa Bader, was injured while riding the bicycle.
At the time of the accident, Family Cycle had in effect a general liability policy with plaintiff. Plaintiff argues that the policy contained an exclusion for “[b]odily injury or property damage that results from the named insured’s products” where the injury or damage occurs after physical possession of the products has been relinquished to others. The plaintiff argues that this exclusion was enforced by the Third Department in a case with facts purportedly identical to those presented here, citing Rhine-beck Bicycle Shop v Sterling Ins. Co. (151 AD2d 122 [3d Dept 1989]).
The plaintiff also indicates, by affidavit of its vice-president of claims, that it first received notice of the accident on July 30, 2004, and that it disclaimed by letter dated August 3, 2004. It is argued by plaintiffs counsel that the Rhinebeck Bicycle Shop case also stands for the proposition that the products liability exclusion is not waived by late notice because it raises the issue of the existence or nonexistence of coverage.
The plaintiff seeks a declaration that plaintiff has neither a duty to defend nor indemnify its insured, Family Cycle, for the action commenced in Nassau County by Melissa and Mara Bader against Family Cycle.
In opposition, the attorney for Family Cycle distinguishes the Rhinebeck Bicycle Shop case in that the bicycle in that case was purchased and assembled by the insured bicycle shop, whereas in the instant action Family Cycle did not sell or assemble the bicycle for the Baders. Family Cycle argues instead that where the insured only performed a repair to the plaintiffs product, coverage exists because repairs are not included in the specific language of the exclusion which refers to products or goods “manufactured, sold, handled or distributed” by the *1030 insured. Therefore, the defendant argues that the exclusion does not apply.
Family Cycle also claims that the plaintiff failed to disclaim in accordance with section 3420 (d) of the Insurance Law, in response to the notice dated September 24, 2004, advising plaintiff of the claim made against Family Cycle in the amended complaint. In the earlier complaint the defendant was not correctly named.
The defendants Bader also oppose the plaintiffs application, arguing that the language in the exclusion referring to the handling of goods and products by Family Cycle means “to deal or trade in” rather than “to touch” (citing Todd Shipyards Corp. v Turbine Serv., Inc., 674 F2d 401, 419-420 [5th Cir 1982]), and that the exclusion cited by Associated is inapplicable.
In reply, the plaintiff argues that the language of the exclusion is broad enough to include the transaction between Family Cycle and the Baders. Plaintiff argues that the Third Department in Rhinebeck Bicycle rejected the argument that the “assembly” of the bicycle on the insured premises was not within the exclusion.
The plaintiff also refutes the argument that it was required to repeatedly disclaim after the initial disclaimer.
The policy in question provided general liability coverage, and excluded coverage for “bodily injury or property damage included within the products/completed operations hazard definition” (policy at 7, Exclusions, section D, para [p]). The “Products/completed Operations Hazard” definition (policy at 4, Definitions, section A, para 18) provides as follows:
“a) Products Hazard means bodily injury or property damage occurring away from premises you own or rent and arising out of your product after physical possession of it has been relinquished to others.
“b) Completed operations hazard means bodily injury or property damage arising out of your work. It does not include work that has not been completed or has been abandoned.”
The named insured’s products are defined in the policy (at 3, Definition, section A, para 14) to mean
“goods or products manufactured, sold, handled, distributed or disposed of by the named insured or by others trading under his/her name, or a person
*1031 or organization whose business or assets you have acquired.
“Products includes:
“a) warranties or representations made at any time with respect to the fitness, quality, durability or performance of the named insured’s products; and “b) containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.
“Products does not include:
“a) vending machines;
“b) property that is rented to or to placed for the use of others, but not sold; or
“c) real property.”
The defendant has argued that since it did not sell the bicycle in question, but only performed repair services to it, the bicycle cannot be considered as a “named insured’s product.” This court must agree with the argument set forth by defendant that Family Cycle did not manufacture, sell, handle, distribute, or dispose of goods or products when it repaired defendant Bader’s bicycle, and therefore its actions do not fit into the products/ completed operations hazard exclusion.
It is well established that exclusionary provisions in a contract of insurance are to be strictly and narrowly construed, and the insurer bears the burden of demonstrating “clearly and unmistakably” that the exclusion applies to the defendant insured’s claims (Federal Ins. Co. v 1030 Fifth Ave. Corp., 262 AD2d 142, 142 [1st Dept 1999]). In Pepper v Allstate Ins. Co. (20 AD3d 633, 635 [3d Dept 2005]), the Third Department held that “[e]xclusionary language is strictly and narrowly interpreted and when an ambiguity is found, ‘it is the insurer’s burden to prove that the construction it advances is not only reasonable, but also that it is the only fair [one].’ ” The Third Department also held that “when an insurance policy’s meaning is not clear or is subject to different reasonable interpretations, ambiguities must be resolved in the insured’s favor and against the insurer” (citations omitted) and that “the test for determining whether an insurance provision is ambiguous ‘focuses on the reasonable expectations of the average insured upon reading the policy’ ” (id.).
In Frontier Insulation Contrs. v Merchants Mut. Ins. Co. (91 NY2d 169, 177 [1997]), the Court of Appeals noted that the *1032 term “handled” does not refer to the touching of a product in connection with the provision of a service. The Court held that the association of the term “handled” with the words “manufacturer” and “seller” in the same clause indicates that it should be given its commercial connotation, and construed to refer to products in which the insured trades or deals (id.). Although Family Cycle may engage in the sale of bicycles on other occasions, it is undisputed that, in this case, it only provided repair services to Ms. Bader.
The Frontier case involved a contractor who only installed asbestos insulation, but neither manufactured nor sold the insulation. The Court noted that the goal of products hazard coverage is to insure the party who is responsible for sending goods into the stream of commerce, by protecting a manufacturer or seller against claims of injury due to a product defect, breach of warranty and misrepresentation. While the Frontier court found that an issue of fact existed whether the asbestos was Frontier’s product, in the case at bar no such issue of fact exists. Therefore, the bicycle was not goods or a product which was manufactured, sold, handled, distributed or disposed of by Family Cycle.
Accordingly, based upon the foregoing, the court finds that the plaintiff has failed to provide its entitlement to summary judgment as a matter of law, and the court hereby denies plaintiffs motion for summary judgment.
The court also finds that the plaintiff timely disclaimed by letter dated August 3, 2004, which was addressed to the defendant, Family Cycle Corp., which is the named insured on the policy in question. The plaintiff first received notice of this underlying tort action on July 30, 2004 when it received a copy of the summons and complaint which incorrectly named as defendants Williams Circle Cycle, Inc., also known as William’s Cycle, also known as Circle Cycle. There is no requirement that the plaintiff send another disclaimer letter in response to the amended complaint in which Family Cycle was properly named as a defendant. The original disclaimer did not in any way rely on the fact that its insured was misnamed in the original action, and the disclaimer was properly addressed to the named insured. Therefore, any objection which the defendants have expressed to the timeliness of plaintiff’s disclaimer is without merit.
*1033 Wherefore, the court hereby denies the plaintiffs motion for summary judgment in favor of the plaintiff.