■ ROBERT J. KRAMARIK, JR., Doing Business as BOBBY K ENTERTAINMENT, Respondent-Appellant, v TRAVELERS, Also Known as CHARTER OAK FIRE INSURANCE COMPANY, Appellant-Respondent, et al., Defendants. [808 NYS2d 807]—

Mercure, J.P. (1) Cross appeals from an order of the Supreme Court (Mulvey, J.), entered October 5, 2004 in Chemung County, which, inter alia, granted plaintiff's motion for partial summary judgment, and (2) appeal from the judgment entered thereon.

Plaintiff owns and operates Bobby K Entertainment, a disc jockey entertainment company that was hired to provide a foam pit dance party at the State University of New York at Fredonia in May 1997. A foam pit is a vinyl dance floor with $2^{1}/_{2}$ foot inflatable sides that is filled with a foam bubble liquid. While entering the pit, Karen Zahm fell, hitting her head on the vinyl bottom and fracturing several vertebrae. Thereafter, Zahm commenced a personal injury action in Erie County, which resulted in a judgment against plaintiff of approximately $180,000. Plaintiff submitted a claim to defendant Travelers (hereinafter defendant), its insurer, during the course of that action and defendant disclaimed coverage. In this action, plaintiff seeks damages for defendant's failure to defend and indemnify him in the Zahm action.

Plaintiff moved for partial summary judgment on his claims against defendant for his defense costs and indemnification, and defendant cross-moved, seeking dismissal of the complaint and a declaration that it had no obligation to defend or indemnify plaintiff. Supreme Court granted plaintiff's motion, denied defendant's cross motion and ordered defendant to pay plaintiff defense costs in the amount of approximately $7,000 and for the amount paid in the judgment entered in the Zahm action, with interest. The court denied plaintiff's request, however, for an award of counsel fees in this action. The parties cross-appeal from the court's order and defendant appeals from a subsequent judgment entered thereon.

Defendant asserts that pursuant to an exclusion in the policy at issue, it had no duty to defend and indemnify plaintiff. Specifically, defendant contends that the policy's exclusion of coverage for injuries arising out of the use of "amusement devices operated by [plaintiff,] including but not limited to [the] aerotrim cross trainer device or similar devices," is applicable here. It is well settled that an insurance policy must be read "in light of 'common speech' and the reasonable expectations of a businessperson" (*Belt Painting Corp. v TIG Ins. Co.*, 100 NY2d 377, 383 [2003]; *see Milbin Print. v Lumbermen's Mut. Cas. Ins. Co.*, 283 AD2d 467, 468 [2001]). Any ambiguity in a policy exclu-

sion is resolved against the insurer and, therefore, to negate coverage, " 'an insurer must establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case' " (*Belt Painting Corp. v TIG Ins. Co., supra* at 383, quoting *Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 652 [1993]; *see Westview Assoc. v Guaranty Natl. Ins. Co.*, 95 NY2d 334, 340 [2000]).

With respect to the "amusement device" provision at issue here, given the absence of a definition in the policy, defendant relies upon dictionary definitions in asserting that any "piece of equipment" that provides a "means of amusing or entertaining" falls within the exclusion. Defendant further notes that plaintiff himself advertised the foam pit dance party as an amusement activity, calling it a "whacky, wild and wet fun-filled event" and "the most fun you can have with your clothes on." Defendant concedes, however, that the policy was issued to plaintiff in connection with his music/disc jockey business. The very purpose of this business is to provide entertainment and amusement and, thus, as plaintiff asserts, defendant's proffered interpretation of the term "amusement device" would apply to almost any piece of equipment used in his business. In our view, it cannot be said that the policy was clearly and unmistakably intended to exclude injuries arising from the tools of plaintiff's entertainment trade, such as vinyl dance floors (*see Belt Painting Corp. v TIG Ins. Co., supra* at 387). We note that a vinyl dance floor bears no resemblance to the only example of an amusement device listed, the "aerotrim cross trainer," a mechanical gyro device in which the participant's arms and legs are extended and bound inside a sphere that spins in all directions. Moreover, adoption of an interpretation that excluded coverage for the tools of plaintiff's trade would contradict his reasonable expectations as a businessperson seeking insurance coverage for injuries resulting from the operation of his entertainment business (*see id.* at 383).*

Turning to the parties' remaining arguments, we agree with defendant that Supreme Court erred in failing to dismiss plaintiff's claim for punitive damages inasmuch as defendant had an arguable basis for the denial of coverage and there is no

---

* In its brief, defendant asserts that an exclusion of coverage for injuries arising out of "athletic, exercise, or sports activities [plaintiff] sponsor[s] or which are conducted on premises [plaintiff] own[s], rent[s] or control[s]" also applies. This assertion is lacking in merit inasmuch as there is no evidence that Zahm was engaged in any excluded activity at the time of the accident, a point conceded by defendant at oral argument.

suggestion of any action on its part that rose to the level of morally culpable conduct (*see Gordon v Nationwide Mut. Ins. Co.*, 30 NY2d 427, 437 [1972], *cert denied* 410 US 931 [1973]; *Walker v Sheldon*, 10 NY2d 401, 404 [1961]; *see also Zurich Ins. Co. v Texasgulf, Inc.*, 233 AD2d 180, 181 [1996]). Moreover, pursuant to long-settled precedent, "plaintiff is not entitled to recover fees incurred in seeking to compel [defendant] to comply with its duty to defend" and indemnify (*Williams v Associated Mut. Ins. Co.*, 211 AD2d 865, 867 [1995]; *see Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12, 21 [1979]). Conversely, when an insurer compels an insured to defend in an action for a declaration that the insurer has no duty to defend or indemnify, the insured may recover counsel fees if successful (*see U.S. Underwriters Ins. Co. v City Club Hotel, LLC*, 3 NY3d 592, 597-598 [2004]; *Mighty Midgets v Centennial Ins. Co., supra* at 22). The rationale for this exception to the general rule that a prevailing party may not recover counsel fees is that, pursuant to the parties' insurance contract, "an insurer's responsibility to defend reaches the defense of *any* actions arising out of the occurrence" (*Mighty Midgets v Centennial Ins. Co., supra* at 21; *see U.S. Underwriters Ins. Co. v City Club Hotel, LLC, supra* at 597-598). When "it is the insured [himself] that has taken the offensive," however, the exception to the general rule does not apply and counsel fees may not be recovered (*Mighty Midgets v Centennial Ins. Co., supra* at 22; *see e.g. New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 324 [1995]; *Chapel v Mitchell*, 84 NY2d 345, 348-349 [1994]; *Chase Manhattan Bank v Each Individual Underwriter Bound to Lloyd's Policy No. 790/004A89005*, 258 AD2d 1, 4-5 [1999]).

The parties' remaining arguments have been considered and found to be lacking in merit.

Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as denied the cross motion of defendant Travelers for summary judgment on the issue of punitive damages; motion granted and said claim dismissed; and, as so modified, affirmed.

