■ Robert Villanueva et al., Respondents, v Preferred Mutual Insurance Company, Appellant. [851 NYS2d 742]—

Mercure, J.P. Appeal from an order of the Supreme Court (Doyle, J.), entered December 29, 2006 in Greene County, which, among other things, granted plaintiffs' motion for partial summary judgment.

In 2002, plaintiffs purchased a summer home in the Town of Hunter, Greene County. Thereafter, they entered into a "ski season lease" renting the property for the months of November 2004 to April 2005 to two individuals who are not parties to this action. In January 2005, the property, which was covered by a homeowner's insurance policy issued by defendant, was destroyed by fire. Plaintiffs claimed, among other things, damage to their personal property in the amount of $121,500. Defendant, however, informed plaintiffs that it would pay only $2,500, the limitation on coverage for personal property on insured premises used for business purposes.

Plaintiffs then commenced this action, seeking to recover $121,500. Following joinder of issue, plaintiffs moved for summary judgment on the issue of liability and defendant cross-moved for summary judgment dismissing the complaint. Upon its finding that the policy language is ambiguous, Supreme Court granted plaintiffs' motion and denied defendant's cross motion. Defendant appeals and we now affirm.

It is well settled that an insurer seeking to invoke a policy exclusion "must establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case" (*Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 652 [1993]; *accord Kramarik v Travelers*, 25 AD3d 960, 962 [2006]). In determining whether a policy provision is ambiguous, the focus is " 'on the reasonable expectations of the average insured upon reading the policy' " (*Pepper v Allstate Ins. Co.*, 20 AD3d 633, 635 [2005], quoting *Matter of Mostow v State Farm Ins. Cos.*, 88 NY2d 321, 326-327 [1996]; *see State Farm Mut. Auto. Ins. Co. v Glinbizzi*, 9 AD3d 756, 757 [2004]). Particularly where exclusionary language is at issue, any ambiguity in the policy is resolved in favor of the insured (*see Pepper v Allstate Ins. Co.*, 20 AD3d at 635; *Boggs v Commercial Mut. Ins. Co.*, 220 AD2d 973, 974 [1995]).

Plaintiffs' policy contained a $2,500 limit "[f]or loss to personal property used, in whole or in part, for 'business' purposes." As relevant here, the policy defined "business" as

"includ[ing] the rental of property to others. It does not include the occasional rental for residential purposes of the part of the 'insured premises' normally occupied solely by 'your' household." Defendant argues that although the ski-season rental was the first time plaintiffs rented the property since purchasing it two years earlier, a rental for a period of five consecutive months is not an "occasional" rental within the meaning of the policy. Rather, defendant asserts, the term "occasional"—which is not defined in the policy—means "occurring . . . at irregular or infrequent intervals," and it is unreasonable for plaintiffs to expect that their homeowner's policy would provide coverage for a residence that they completely relinquished to renters for such an extended period of time.

In our view, while that construction is arguably reasonable, defendant has failed to establish that it is the only reasonable interpretation or that the provision necessarily applies in this particular case. We note that many of the courts that have interpreted the phrase "occasionally rented," "occasional rental" or "occasional basis" in this context have concluded that the phrase "refers to rentals occurring now and then, *such as vacation rentals*" (*Hess v Liberty Mut. Ins. Co.*, 458 So 2d 71, 72 [Fla 1984] [emphasis added]; *see Falzone v Florida Residential Prop. & Cas. Joint Underwriting Assn.*, 925 So 2d 398, 400 [Fla 2006]; *Citizens Prop. Ins. Corp. v Wise*, 926 So 2d 403, 404 [Fla 2006], *review denied sub nom. Luker v Citizens Prop. Ins. Corp.*, 944 So 2d 987 [Fla 2006]; *see also LeCompte v Lafayette Ins. Co.*, 813 So 2d 432, 434-436 [La 2001] [concluding "occasional" means, among other things, "[o]curring now and then" and the opposite of "continuous," such that the leasing of property for 12 months and then 10 months was occasional where attempts to sell intervened]). Indeed, the case primarily relied upon by defendant explains that "[t]he purpose behind the 'occasional' rental exception was to allow the insured to rent his or her residence while living elsewhere temporarily, but with the intention to return there to live" (*State Farm Fire & Cas. Co. v Wonnell*, 178 Ill App 3d 823, 826, 533 NE2d 1131, 1133 [1989]; *see also State Farm Fire & Cas. Co. v Piazza*, 132 Wash App 329, 333, 131 P3d 337, 338 [2006], *review denied* 158 Wash 2d 1022, 149 P3d 378 [2006] [explaining that an " 'occasional' rental" is one in which "the circumstances of the rental [do] not negate the assumption that the homeowner is still the primary resident of the house, despite his or her temporary absence"]).*

Plaintiffs' one-time rental of their summer home for a five-

---

* The remaining case relied upon by defendant—*Gardner v State Farm Fire & Cas. Co.* (2007 WL 1704664, 2007 US Dist LEXIS 42471 [WD Pa 2007])—is

month period, with no definite plans to continue to rent the home but with the intent to return to use the summer home exclusively themselves, fits comfortably within these alternative definitions. The ski season lease was indisputably a vacation rental and defendant concedes that plaintiffs undoubtedly intended to use the house themselves again when it was not rented. Inasmuch as any ambiguity in this regard must be construed against the insurer and the "average" person could reasonably interpret the policy as providing coverage for the property despite the temporary vacation rental, Supreme Court properly granted plaintiffs' motion for partial summary judgment (*see Pepper v Allstate Ins. Co.*, 20 AD3d at 635-636; *State Farm Mut. Auto. Ins. Co. v Glinbizzi*, 9 AD3d at 757-758; *Boggs v Commercial Mut. Ins. Co.*, 220 AD2d at 975).

Defendant's remaining argument has been considered and found to be unsupported by the language of the exclusion.

Peters, Carpinello, Rose and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.

---

distinguishable inasmuch as the rental herein did not last for the entire term of the annually renewable policy.