■ Nova Casualty Company, Appellant, v Central Mutual Insurance Company, as Subrogee of James Catlett et al., et al., Respondents, et al., Defendant. [872 NYS2d 603]—

Kavanagh, J. Appeal from an amended order of the Supreme Court (Donohue, J.), entered July 14, 2008 in Columbia County, which granted a motion by defendants Central Mutual Insurance Company, James Catlett and Joan Catlett for summary judgment and declared that plaintiff was obligated to defend and indemnify defendant Ryan Bennett in an underlying action.

Defendant Ryan Bennett, who owns and operates a painting business, and defendant Robert Pesano were hired by defendants James Catlett and Joan Catlett to apply a protective sealant to the cedar wood siding of the exterior of the Catletts' home. As the sealant was being applied, drop cloths were used to catch any of the solution that had dripped during the application process. The drop cloths were then stored in an enclosed porch at the rear of the Catletts' home. Later, the home was significantly damaged by a fire that the Catletts claimed was caused by the

spontaneous combustion of chemicals in the sealant that had collected on the drop cloths.

The Catletts were reimbursed for the losses they sustained under their homeowner's policy with defendant Central Mutual Insurance Company which, in turn, commenced an action against Bennett and Pesano to recover all moneys paid out for this claim. Bennett was insured at the time he performed the work at the Catlett home under a commercial liability policy issued by plaintiff. Plaintiff ultimately agreed to defend Bennett in that action, but disclaimed coverage citing two exclusions contained in the policy that it maintained immunized it from having to pay any damages caused by this fire. In that regard, plaintiff commenced this action against Central Mutual, the Catletts, Bennett and Pesano, seeking a declaration that it was not obligated under the terms of its policy to indemnify or defend Bennett in the Catletts' action. Supreme Court found that the exclusions in the policy did not apply, granted a motion by the Catletts and Central Mutual for summary judgment dismissing the complaint against them and declared that plaintiff was obligated under the terms of its policy to defend and indemnify Bennett in the Catletts' action. This appeal ensued.

Initially, we note that to gain the benefit of an exclusion clause in an insurance policy, the insurer has the burden of demonstrating "that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case" (*Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 652 [1993]; *see RJC Realty Holding Corp. v Republic Franklin Ins. Co.*, 2 NY3d 158, 165 [2004]; *Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169, 175 [1997]; *Villanueva v Preferred Mut. Ins. Co.*, 48 AD3d 1015, 1016 [2008]). As for the particular provisions in question here, plaintiff argues that the policy exempts it from liability because it specifically excludes from coverage any "bodily injury and property damage arising out of [s]pray [p]ainting [o]perations." However, nowhere in the policy is the term spray painting operations defined or is it specifically stated that such an operation includes the application of sealants or other nontraditional paint materials. Here, the uncontroverted testimony established that Bennett and Pesano were not using a paint; instead, they were applying a product called "Cabot Clear Solution." Given that sealants, as opposed to paints, were not covered by the express wording of the exclusion, this clause, as it is applied to these facts, is, at best, ambiguous and the existence of such an ambiguity serves to bar its application to the

facts as presented by this claim (*see Villanueva v Preferred Mut. Ins. Co.*, 48 AD3d at 1016; *Boggs v Commercial Mut. Ins. Co.*, 220 AD2d 973, 974 [1995]; *General Acc. Ins. Co. v United States Fid. & Guar. Ins. Co.*, 193 AD2d 135, 138 [1993]).

Moreover, both Bennett and Pesano testified that they did not simply spray the sealant onto the siding of the home—they used brushes as well. As there is nothing in the record that would support a finding that the fire resulted from sealant that was sprayed onto the siding of the house—an excluded activity—as opposed to sealant that was applied with a brush—an activity that appears to be covered by the policy—the exclusion cannot apply.

We also note that plaintiff urges the adoption of an interpretation of this clause that, if correct, would have been applied to any work performed by Bennett and his employees on the Catlett home and, as such, would have resulted in there being no coverage under this policy. Such a result would have obviously been at odds with Bennett's "reasonable expectations as a businessperson seeking insurance coverage for injuries resulting from the operation of his [painting] business" (*Kramarik v Travelers*, 25 AD3d 960, 962 [2006]).

Plaintiff also argues that a second exclusion in the policy renders it exempt from responsibility for any damage "to that specific part of real property on which work is being performed . . . if the 'property damage' arises out of such work." This provision—commonly referred to as a "work product" exclusion—"exists to exclude coverage for business risks, including claims that the insured's product or completed work [was] not that for which the damaged person bargained" (*Basil Dev. Corp. v General Acc. Ins. Co.*, 89 NY2d 1057, 1058 [1997] [internal quotation marks and citation omitted]; *see Zandri Constr. Co. v Firemen's Ins. Co. of Newark*, 81 AD2d 106, 109 [1981], *affd* 54 NY2d 999 [1981]). The Catletts' claim is not that they were damaged as the result of the quality of Bennett's work or that he misapplied the sealant to the siding of their home. Instead, their claim is that the home was damaged by a fire caused by the negligent manner in which Bennett and his employees stored materials and equipment used on the job after the sealant had been applied (*see Basil Dev. Corp. v General Acc. Ins. Co.*, 229 AD2d 640, 641 [1996], *affd* 89 NY2d 1057 [1997]; *Saks v Nicosia Contr. Corp.*, 215 AD2d 832, 834 [1995]). This exclusion is clearly not intended to exempt from coverage under a general commercial liability policy physical damage caused by the negligence of an insured; instead, it was designed to apply to those situations where coverage is sought "for contractual li-

ability of the insured for economic loss because the product or completed work is not what the damaged person bargained for" (*Hartford Acc. & Indem. Co. v Reale & Sons*, 228 AD2d 935, 936 [1996]). For these reasons, this exclusion does not apply.

Finally, we are unpersuaded by plaintiff's claims that the motion made by Central Mutual and the Catletts for summary judgment was premature and that Supreme Court, by granting the motion, deprived it of an opportunity to perform meaningful discovery. Plaintiff not only has been on notice of the existence of this fire and the implications that it held for its policy since shortly after this fire occurred, it also played an intimate and important role in providing the insured with a defense in the underlying litigation. In addition, plaintiff has failed to identify how it, in the course of these proceedings, has been prevented from obtaining what it contends is relevant evidence on the issues that have been raised and resolved by Supreme Court in its determination of this motion for summary judgment (*see Zinter Handling, Inc. v Britton*, 46 AD3d 998, 1001 [2007]).

Peters, J.P., Rose and Kane, JJ., concur; Spain, J., not taking part. Ordered that the amended order is affirmed, with one bill of costs.