Birnkrant v Automobile Ins. Co. of Hartford, Conn. (2022 NY Slip Op 04148)

Birnkrant v Automobile Ins. Co. of Hartford, Conn.

2022 NY Slip Op 04148

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH A. ZAYAS
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2021-03344
 (Index No. 51895/19)

[*1]Mel Birnkrant, respondent,
v
Automobile Insurance Company of Hartford, Connecticut, appellant, et al., defendant.

Meg R. Reid, New York, NY, for appellant.
Basch & Keegan, LLP, Kingston, NY (Derek J. Spada of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of an insurance contract, the defendant Automobile Insurance Company of Hartford, Connecticut, appeals from an order of the Supreme Court, Dutchess County (Hal B. Greenwald, J.), dated April 13, 2021. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it and granted the plaintiff's cross motion for summary judgment on the complaint insofar as asserted against that defendant.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against, among others, the defendant Automobile Insurance Company of Hartford, Connecticut (hereinafter the insurer), to recover damages for breach of an insurance contract. The plaintiff alleged that the subject high value homeowners policy was in effect from July 23, 2017, until July 23, 2018, and that on March 16, 2018, he incurred a loss under the policy when certain personal property was stolen from his home. The plaintiff alleged that he filed a claim to recover for his loss but the insurer refused to fully compensate him based on an allegedly erroneous determination that the property that had been stolen was "business property" rather than "personal property."
After discovery, the insurer moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that the stolen property was used for business purposes within the meaning of a certain policy limitation, thus limiting the plaintiff's recovery for the loss to $12,500, which the insurer paid in full. The plaintiff opposed the insurer's motion and cross-moved for summary judgment on the complaint insofar as asserted against the insurer. In an order dated April 13, 2021, the Supreme Court, inter alia, denied the insurer's motion and granted the plaintiff's cross motion. The insurer appeals.
In determining an insurance coverage dispute, the court must first look to the language of the policy (see Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 221; Conlon v Allstate Veh. & Prop. Ins. Co., 152 AD3d 488, 490). "'As with any contract, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such provision is a question of law for the court'" (Concordia Gen. Contr. Co., Inc. v Preferred Mut. Ins. Co., 146 AD3d 932, 934, quoting White v Continental Cas. Co., 9 NY3d 264, [*2]267). "[I]f the agreement on its face is reasonably susceptible of only one meaning, a court is not free to alter the contract to reflect its personal notions of fairness and equity" (Greenfield v Philles Records, 98 NY2d 562, 569-570). "If the terms of a policy are ambiguous, however, any ambiguity must be construed in favor of the insured and against the insurer" (White v Continental Cas. Co., 9 NY3d at 267).
Here, the subject insurance policy contained a limitation on coverage for property "used at any time or in any manner for any 'business' purpose." Although the policy defined the term "business," it did not define the terms "use" or "business purpose," and it did not make clear whether the phrase "at any time" refers to use at any time during the policy period or, as the insurer suggests, broadly covers use at any time during the insured's life, including in the distant past. We conclude that the policy language is reasonably susceptible of an interpretation that would not apply the limitation to the particular property at issue in this case, which was unique property created by the plaintiff decades earlier, and retained as part of a collection. The insurer's reliance upon the plaintiff's use of other property not at issue in this case is unavailing. Thus, the Supreme Court properly construed the language in favor of the insured (see Castillo v Prince Plaza, LLC, 164 AD3d 1418; Boggs v Commercial Mut. Ins. Co., 220 AD2d 973, 975; see also Pepper v Allstate Ins. Co., 20 AD3d 633).
IANNACCI, J.P., ZAYAS, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court