Lynch v Jefferson Ins. Co. (2025 NY Slip Op 04242)

Lynch v Jefferson Ins. Co.

2025 NY Slip Op 04242

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2024-01162
 (Index No. 612140/21)

[*1]James Lynch, appellant, 
v
Jefferson Insurance Company, respondent.

Agulnick Kremin P.C., Melville, NY (Adina S. Grodsky of counsel), for appellant.
Solomon Richman P.C., Lake Success, NY (Jonathan Rubin and Frederick Rubin of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of an insurance contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Eileen C. Daly-Sapraicone, J.), dated November 16, 2023. The order denied the plaintiff's motion for summary judgment on the complaint and granted the defendant's cross-motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff's son (hereinafter the student) enrolled at the University of Rochester (hereinafter the University) for the fall 2020 semester. The plaintiff purchased an insurance policy from the defendant that would reimburse him for the cost of tuition and other expenses in the event, inter alia, that the student "completely withdr[e]w from school" for a "covered reason," which included a mental health condition.
The student began the fall 2020 semester but failed to return after the Thanksgiving break. The plaintiff thereafter submitted a claim under the policy. The defendant disclaimed coverage on the ground, inter alia, that the student did not "completely withdraw from school," as required by the policy.
The plaintiff commenced this action to recover damages for breach of the insurance contract, and moved for summary judgment on the complaint. The defendant cross-moved for summary judgment dismissing the complaint. In an order dated November 16, 2023, the Supreme Court denied the plaintiff's motion and granted the defendant's cross-motion. The plaintiff appeals.
"An insurance agreement is subject to principles of contract interpretation" (S. Donadic, Inc. v Utica Mut. Ins. Co., 230 AD3d 606, 608 [internal quotation marks omitted]). "In determining an insurance coverage dispute, a court must first look to the language of the policy" (Holtzman v Connecticut Gen. Life Ins. Co., 213 AD3d 918, 919). "When the language of a contract is clear, unequivocal and unambiguous, the contract is to be interpreted by its own language" (Liptis Pharms. USA, Inc. v Liptis for Pharms. & Med. Prods., SAE, 228 AD3d 927, 929 [internal quotation marks omitted]). "As with any contract, unambiguous provisions of an insurance contract must be [*2]given their plain and ordinary meaning, and the interpretation of such provision is a question of law for the court" (Birnkrant v Automobile Ins. Co. of Hartford, Conn., 206 AD3d 963, 964 [internal quotation marks omitted]).
The Supreme Court properly granted the defendant's cross-motion for summary judgment dismissing the complaint. The defendant established, prima facie, that the plaintiff's claim was not covered because the student did not "completely withdraw" from the University within the meaning of the policy, and in fact received credit for completing one course. In opposition, the plaintiff failed to either raise a triable issue of fact or to demonstrate that the policy's terms were ambiguous (see Liptis Pharms. USA, Inc. v Liptis for Pharms. & Med. Prods., SAE, 228 AD3d at 929). For the same reasons, the court properly denied the plaintiff's motion for summary judgment on the complaint.
In light of the foregoing, we need not reach the plaintiff's remaining contention.
BARROS, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court